0035

ANDRICK DEVELOPMENT CORP., Respondent, v. Marilyn Jane MAC-
CARO and Kathleen McGee Maccaro, Appellants.

(311 S. E. (2d) 95)

Court of Appeals

*James B. Richardson, Jr.,* Columbia, *for appellants.*

*Drew A. Laughlin,* of *Bowen, Cooper, Beard & Smoot,* Hilton Head Island, *for respondent.*

Jan. 3, 1984.

BELL, Judge:

Marilyn Jane Maccaro and Kathleen McGee Maccaro appeal from an order of the circuit court appointing a receiver to take possession of a disputed piece of real estate and collect the rents and profits during the pendency of litigation. We affirm the appointment of the receiver.

The material facts are as follows. On December 12, 1979, the Maccaros commenced an action against Andrick for specific performance of a contract to sell a condominium. Andrick, the seller, held legal title to the property. Shortly after the suit was filed, the Maccaros, through means not revealed in the record, obtained a key to the condominium and took possession. They immediately let the premises to third parties and began collecting rents.

On March 10, 1980, Andrick commenced this action. The complaint alleged the Maccaros' possession of the property was unlawful and prayed for an order ejecting them. It also sought damages in the form of an accounting for the rents received and asked the court to appoint a receiver to hold the property and collect rents pending resolution of the Maccaros' action for specific performance. With the consent of the parties, the ejectment action and the specific performance action were consolidated for hearing and referred to a special referee.

The special referee recommended specific performance in favor of the Maccaros, conditioned on a complete accounting for and payment to Andrick of the rents and profits received by the Maccaros from the time they took possession of the property. Both Andrick and the Maccaros filed exceptions to the referee's report. A hearing was held on the exceptions before the Honorable Ernest A. Finney, Jr. On November 24, 1980, Judge Finney entered an order decreeing specific performance in favor of the Maccaros. Judge Finney made no ruling on the matter of rents, concluding it would be more appropriate to address that question after final resolution of the specific performance suit. Judge Finney issued no order in the ejectment action.

Thereafter, Andrick moved before the Honorable Rodney A. Peeples[1] for appointment of a receiver *pendente lite* to take possession of the property and collect all rents and profits. By order dated December 21, 1980, Judge Peeples granted the motion. From that order the Maccaros have taken this appeal.

The appointment of the receiver is contested on three separate grounds. First, the Maccaros assert the circuit court had no jurisdiction because a notice of appeal from Judge Finney's order had been filed. They claim this divested the circuit court of any further jurisdiction in the matter.

Service of notice of intent to appeal divests the lower court of jurisdiction over the order appealed. Rule 18, Section 3 A, Rules of Practice in the Supreme Court of South Carlina; *Bradley v. Hullander*, 266 S. C. 188, 222 S. E. (2d) 283 (1976). However, the lower court retains jurisdiction over matters not affected by the appeal. Rule 18, Section 3 B, Rules of Practice in the Supreme Court of South Carolina. Here two separate actions were involved. Since Judge Finney issued no order in the ejectment action, appeal from Judge Finney's order did not divest the circuit court of jurisdiction over the prayer for appointment of a receiver. Therefore, the court had jurisdiction to entertain Andrick's motion.

Second, the Maccaros argue that a circuit judge cannot grant relief which has been previously sought from another circuit judge and denied by him. Rule 60, Rules of Practice for the Circuit Courts of South Carolina. Since

---

[1] Judge Finney had rotated from the circuit.

Judge Finney did not rule on the appointment of a receiver, Judge Peeple's order appointing a receiver did not grant an application that had previously been refused by another circuit judge. No violation of Rule 60 occurred. The cases applying Rule 60 are distinguishable, for they involve submission of the same issue based on the same facts to a second judge after the first judge had ruled. *See, e.g., Dukes & Dukes, Inc. v. Hygrade Food Products Corp.*, 236 S. C. 69, 113 S. E. (2d) 254 (1960).

Third, the Maccaros claim Andrick was not entitled to appointment of a receiver in this case. The appointment of a receiver rests in the sound discretion of the court to which application is made. *Vasiliades v. Vasiliades*, 231 S. C. 366, 98 S. E. (2d) 810 (1957). Section 15-65-10, Code of Laws of South Carolina, 1976, authorizes appointment of a receiver before judgment where the property which is the subject matter of the action is in the possession of the adverse party, where the party making application for a receiver establishes an apparent right to the property, and where the property, or its rents and profits, are in danger of being lost or materially injured or impaired.

The statutory criteria were satisfied in this case. The Maccaros were admittedly in possession of the property. As the holder of title to the property, Andrick had an apparent right to the rents and profits. *Greenwood Loan & Guarantee Association v. Childs*, 67 S. C. 251, 45 S. E. 167 (1903). As the circuit court observed, the Maccaros had no apparent right to take control of the property and collect the rents and profits over Andrick's objection. Finally, there was a likelihood that the rents and profits would be dissipated or the property materially impaired. The Maccaros refused to account to Andrick for the rents received. There was no assurance that regime fees, taxes, and other maintenance charges on the condominium would be paid during the pendency of the litigation. In the circumstances it was reasonable and equitable to place the property under a receiver until the matter of rents and profits was resolved.

We hold that the circuit court had jurisdiction to appoint a receiver and that it was within its discretion in doing so on the facts of this case. The judgment appealed from is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.