0483

Melvin C. FISHER, Respondent-Appellant, v. CAROLINA DOOR
PRODUCTS, INC., Appellant-Respondent.

(331 S. E. (2d) 368)

Court of Appeals

*Francis T. Draine*, of *Draine & McLaren, P.A.*, Columbia, *for appellant-respondent.*

*Robert F. Fuller* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondent-appellant.*

Heard March 25, 1985.

Decided May 29, 1985.

GARDNER, Judge:

This is an action on a promissory note tried before a judge without a jury. The appealed order awarded judgment for the promissee of the note. We affirm in part, reverse in part and remand.

## FACTS

Melvin C. Fisher (Fisher ) owned a 40 percent interest in Carolina Door Products, Inc., (the corporation). The majority stockholder was Charles D. Neely (Neely). In 1975 Neely and Fisher entered into a stock redemption agreement which provided that if either left the employment of the corporation, he would be paid $29,056 per share for the stock he owned. This figure was to be adjusted annually, but was not.

On December 31, 1980, Fisher exercised the stock redemption agreement upon leaving the employment of the corporation. A dispute arose about what Fisher was to be paid and later the dispute was settled by a written compromise agreement, executed on December 30, 1981. The compromise agreement contained the following provision:

> Carolina Door Products, Inc. agrees to sign a Promissory Note dated January 1, 1981, payable to Melvin C. Fisher in the amount of Two Hundred Fourteen Thousand Six Hundred Twenty-Eight and 80/100 ($214,628.80) Dollars, payable in Ten (10) payments of equal principal installments of Twenty-One Thousand Four Hundred Sixty-Two and 88/100 ($21,462.88) Dollars, plus interest on the unpaid balance in annual payments commencing on January 1, 1982, and concluding on January 1, 1991.

On the same day the corporation executed and delivered to Fisher a note in the amount of $214,628.80. The note was antedated to January 1, 1981, and provided for payment as follows:

> In equal principal payments of Twenty-One Thousand Four Hundred Sixty-Two and 88/100 ($21,462.88) Dollars, plus interest *on the unpaid balance* in Ten (10) installments commencing on January 1, 1982, with the final payment to be made on January 1, 1991. (Emphasis ours.)

The corporation did not make the payment due on January 1, 1982; Fisher instituted this suit. The corporation then paid the first installment of principal on February 16, 1982, but refused to pay interest for the year 1981.

The trial judge by order dated December 7, 1982, and filed December 9, 1982, ordered that the corporation pay Fisher simple interest from January 1, 1981, until February 16, 1982, when the principal payment was made. Both parties appeal.

Two issues are presented on appeal, one by the corporation and one by Fisher. The corporation's argument, which we reject, is that the compromise agreement provides that interest is not to begin until 1982; they then argue the note is therefore inconsistent with the compromise agreement and merges into the agreement. Fisher, on the other hand, argues that the agreement is not ambiguous and provides that interest shall begin running from the date of the note with the first payment of interest and the principal installment due on January 1, 1982; he then argues that interest on interest is recoverable for interest not paid on the payment date.

I.

We find no conflict between the agreement and the note; both provide for payment of the principal installment and accrued interest on January 1, 1982. The two are consonant. The doctrine of merger is, therefore, inapplicable.

And the fact that the note was antedated is of no importance. The Commercial Code is dispositive. Section 36-3-114, Code of Laws of South Carolina (1976), in effect, provides that the antedating of a promissory note does not affect its negotiability and further that where an instrument is antedated, the time when it is payable is determined by the stated date if the instrument is payable at a fixed period after date. This statute also provides that the date of an instrument is presumed to be correct. Section 36-1-201(31), Code of Laws of South Carolina (1976), defines the word "presumed" as meaning that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which would support a finding of its nonexistence.

In an action at law, on appeal of the case tried without a jury, findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's findings; the rule is the same where the judge's findings are made with or without a reference. *Strickland v. Prudential Ins. Co. of America*, 278 S. C. 82, 292 S. E. (2d) 301 (1982). Under the above rule and Section 36-1-201(31), this court is bound by the finding of fact made by the trial judge even though the finding of fact is implicit rather than explicit. The trial court found that the note spoke for itself and that interest began to run on January 1, 1981; we agree and affirm this part of the appealed order.

## II.

The appealed order was dated December 7, 1982, and filed December 9, 1982; it simply provided that Fisher was entitled to judgment for the payment then due and interest through February 16, 1982, when the payment of principal for the first installment was made. This was error.

On appeal Fisher argues that he was entitled to interest on interest from January 1, 1982, when the first payment thereof was due. This question is not controlled by the Commercial Code but by the language of the note[1] itself and common law relating thereto.

The note clearly provides for payments of $21,462.88, *plus interest on the unpaid balance* in ten installments commencing on January 1, 1982. On January 1, 1982, there was due $21,462.88 and accrued interest. Although the principal installment of $21,462.88 was made on February 16, there remained an unpaid balance of interest which was due January 1, 1982; accordingly, Fisher is entitled to interest on interest after January 1, 1982. *Singleton v. Lewis*, 20 S.C.L. (2 Hill) 408 (1804).

Additionally, Fisher is entitled to interest at the judgment rate from December 9, 1982, the date of entry of

---

[1] Parties are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation, including the rate of interest to be charged after maturity. *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.*, 272 S. C. 289, 251 S. E. (2d) 738 (1979).

judgment. Section 34-31-20, Code of Laws of South Carolina (1976) as amended.

We note, parenthetically, that the payment due on January 1, 1983, must have included accrued interest on the entire amount of principal then owed, together with the principal installment then due.

For the above-stated reasons, the judgment below is affirmed in part, reversed in part and remanded for entry of judgment in accordance with this decision.

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.