## 1054

WAYNE SMITH CONSTRUCTION COMPANY, INC., Respondent v. WOLMAN, DUBERSTEIN, AND THOMPSON, an Ohio General partnership consisting of Herbert P. Wolman, James S. Duberstein and Kenneth E. Thompson, Appellants.

(363 S. E. (2d) 115)

Court of Appeals

*Terry A. Finger* of *Novit & Scarminach,* Hilton Head Island, *for appellants.*

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondent.*

Submitted Nov. 9, 1987.

Decided Nov. 30, 1987.

GOOLSBY, Judge:

Wayne Smith Construction Company, Inc., brought this breach of contract action against Wolman, Duberstein, and

Thompson, an Ohio general partnership consisting of Herbert P. Wolman, James S. Duberstein, and Kenneth E. Thompson. The contracts sued on, which were cost plus a stated percentage contracts, relate to the construction of two houses on Hilton Head Island later sold by the partnership to two different purchasers. The trial court, sitting without a jury, rendered judgment in favor of Smith Construction. It also awarded Smith Construction certain costs. The partners appeal. We affirm in part and vacate in part.

## I.

The partnership contends the trial court committed reversible error in denying its motion for a continuance based on the inability of one of the partners, Duberstein, to attend the trial because of a sudden back injury. The partnership argues that the trial court should have granted the continuance because Duberstein was regarded by the trial court as a "party defendant" and a party has a right to attend the trial.

The question of whether to grant or deny a motion for continuance is one addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed on appeal absent a showing of an abuse of discretion. S.C.R. Civ. P. 40(c)(1); *Williams v. Bordon's, Inc.*, 274 S. C. 275, 262 S. E. (2d) 881 (1980); 17 Am. Jur. (2d) *Continuance* § 3 at 120 (1964). Although a party to a civil action does have a right to attend the trial, nonetheless an application for a continuance based on "a party's alleged ill health must ordinarily show that the party had some particular contribution to make to the trial, as a material witness or otherwise." *Id.* § 18 at 137 (1964). The partnership made no showing here that Duberstein could make such a contribution; therefore, we cannot say that the trial court abused its discretion in denying its motion for a continuance. *Osborne v. Osborne*, 240 Ga. 321, 240 S. E. (2d) 704 (1977); *King v. United Benefit Fire Insurance Co.*, 377 F. (2d) 728 (10th Cir. 1967), *cert. denied* 389 U. S. 857, 88 S. Ct. 99, 19 L. Ed. (2d) 124 (1967).

## II.

The partnership next contends that the trial court erred when it entered judgment against the partners individually because the contracts giving rise to the instant action were between Smith Construction and the partnership and not between Smith Construction and the individual partners thereof. We agree.

A partnership is an entity that is "separate and distinct from the persons who compose it." *Chitwood v. McMillan*, 189 S. C. 262, 267, 1 S. E. (2d) 162, 164, (1939). Thus, when a partnership enters into a contract, the contract is not with the individual members of the partnership but is "with the partnership as an entity distinct from its members." *Id.* For Smith Construction to recover judgments against Wolman, Duberstein, and Thompson in their individual capacities, then, Smith Construction was required to allege and prove that its contracts were between it and each of the partners as individuals. *Broom v. Marshall*, 284 S. C. 530, 328 S. E. (2d) 639 (Ct. App. 1984); *cert. denied*, Davis Advance Sheets No. 43 at 1 (Ct. App. Section, October 5, 1985).

Here, however, the complaint alleges and the evidence shows that Smith Construction contracted only with the partnership as an entity. There is neither an allegation in the complaint nor proof in the record that Smith Construction contracted with the partners as individuals.

The trial court, therefore, should have entered judgment against the partnership only. The order granting judgment against the partners individually is accordingly vacated.

## III.

The partnership also argues that principles of equitable estoppel prevent Smith Construction from asserting that the partnership owes it further money under the contracts. In support of this argument, the partnership points to two affidavits executed by Smith Construction prior to the closing of each house in which Smith Construction recited that it had been paid in full.

One of the elements of equitable estoppel is justifiable reliance by the party claiming estoppel upon the conduct of

the party estopped. *Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14 (1984).

The trial court found that the partnership failed to prove justifiable reliance upon the affidavits because the affidavits were executed by Smith Construction only to aid the purchasers of the houses in obtaining title insurance. Indeed, each affidavit declares that it "is given to induce Chicago Title Insurance Company to issue its title insurance policy or policies."

Because competent evidence supports this finding, we therefore uphold it. *See Southeastern PVC Pipe, Mfg., Inc. v. Rothrock Construction Co., Inc.*, 280 S. C. 498, 313 S. E. (2d) 50 (Ct. App. 1984) (in an action at law tried before the court without a jury, the findings of fact of the trial court will be upheld if there is any competent evidence to support them).

## IV.

The partnership argues that the trial court, in determining the total amount owed Smith Construction, included certain costs "which are not recoverable." While the partnership's brief questions a number of different costs purportedly considered by the trial court, its exceptions challenge only the sums paid by Smith Construction for "certain allowance overages" and for "sales tax and the costs of permits."

Evidence regarding the payment by Smith Construction of the overages, sales tax, and permit costs, however, was received without objection. It therefore became competent. *Cantrell v. Carruth*, 250 S. C. 415, 158 S. E. (2d) 208 (1967). Being competent, the trial court could properly consider it in determining how much the partnership owed Smith Construction under the contracts. *Wessinger v. Duncan*, 113 S. C. 205, 102 S. E. 6 (1920).

We need not address the partnership's arguments concerning the other costs questioned in its brief. *See Southern Region Industrial Realty, Inc. v. Timmerman*, 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985) (a contention not raised by proper exception may not be considered on appeal).

We have considered the partnership's argument, raised by its Exception No. 9, that the trial court accorded one exhibit more credence than it gave to

another in determining the amount owed by the partnership to Smith Construction. This argument clearly lacks merit. In a law case tried without a jury, questions regarding the credibility and the weight of evidence are exclusively for the trial judge. 89 C.J.S. *Trial* § 593 at 383 and 385 (1955); *cf. Hutson v. Cummins Carolinas, Inc.*, 280 S. C. 552, 314 S. E. (2d) 19 (Ct. App. 1984) (in an action at law tried before a jury, the weight to be given testimony and the assessment of credibility of witnesses is for the jury).

## V.

The partnership further contends that the trial court committed reversible error in admitting in evidence a copy of a letter from Wayne Smith, president of Smith Construction, that was addressed to Wolman and dated April 10, 1985. It argues the letter's admission violated the best evidence rule.

The question of whether to admit a document under the best evidence rule is addressed, in large measure, to the discretion of the trial court. *Vaught v. Nationwide Mutual Insurance Co.*, 250 S. C. 65, 156 S. E. (2d) 627 (1967); *Leesville Manufacturing Co. v. Morgan Wood & Iron Works*, 75 S. C. 342, 55 S. E. 768 (1906).

We discern no error here. Preliminary proof satisfactory to the trial court that the original of the letter was lost in the mail preceded its admission. *See Drayton v. Industrial Life & Health Insurance Co.*, 205 S. C. 98, 31 S. E. (2d) 148 (1944) (the sufficiency of preliminary proof that a document has been lost to render secondary evidence admissible rests largely within the discretion of the trial court); F. R. Evid. 1004(1) (secondary evidence of the contents of a writing is admissible if the original is lost or has been destroyed, unless the proponent in bad faith lost or destroyed the original).

## VI.

The partnership also maintains that the trial court committed reversible error in awarding Smith Construction prejudgment interest because it never agreed "there was owed to [Smith Construction] . . . the sum of money specified in the account."

Prejudgment interest, however, is allowed on an obliga-

tion to pay money "from the time when, either by agreement of the parties or operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty." *Anderson v. Citizens Bank,* ____, S. C. ____, 365 S. E. (2d) 26, ____, Op. No. 1037, Davis' Advance Sheets at 45 (S. C. Ct. App., filed October 26, 1987); *Robert E. Lee & Co. v. Commission of Public Works of City of Greenville,* 248 S. C. 92, 149 S. E. (2d) 59 (1966).

Here, the sum owed Smith Construction under each contract could be readily determined. Under each contract, the partnership was required to pay Smith Construction reimbursable costs, plus 10 per cent thereof as a contractor's fee upon the presentation by Smith Construction to the partnership of a waiver of liens and a certificate of occupancy. The mere fact that the partnership disagreed with Smith Construction regarding the amount of the reimbursable costs did not preclude an award of prejudgment interest. *Homes & Son Construction Co., Inc. v. Bolo Corp.,* 22 Ariz. App. 303, 526 P. (2d) 1258 (1974); *see Tappan & Noble v. Harwood,* 2 Speers (29 S.C.L.) 536 (1844) (wherein the court held in an action involving a contract to build two houses that, while the discount claimed by the defendant might reduce the amount due, it did not impair the claim for interest on the balance when adjusted by the jury's verdict).

The trial court, therefore, correctly awarded prejudgment interest to Smith Construction.

## VII.

The partnership claims that the partners should not have been required to come to South Carolina for the taking of their depositions because they were nonresidents and were not parties in their individual capacities. *Cf.* S.C.R. Civ. P. 30(a)(2) (specifying the places where the deposition of a mere witness may be taken); *Id.* 30(b)(6) ("A party may in his notice ... name as the deponent ... a partnership [and] in that event, the organization so named shall designate one or more ... persons who consent to testify on its behalf...."); *Id.* 45(d)(2) (specifying the places where the deposition of a nonresident may be taken).

Assuming the partnership's contention is a valid one, and we do hold that it is so, it failed to demonstrate any preju-

dice; therefore, any error committed by the trial court in requiring the partners to appear in South Carolina for the taking of their depositions was harmless and provides no basis for setting aside the judgment. *See Garratt v. Dailey,* 46 Wash. (2d) 197, 279 P. (2d) 1091 (1955) (trial court's refusal to allow defendant's pretrial deposition, even if an abuse of discretion, afforded no basis for reversal absent a showing of prejudice); 5A C.J.S. *Appeal & Error* § 1698 at 816-18 (1958) (nonprejudicial error in the taking of a deposition is not a ground for reversal).

Regarding the partnership's contention that the trial court erred in not ordering Smith Construction to pay the expenses of the partners in coming to South Carolina for the taking of their depositions, no exception raises this issue. We therefore do not reach it. *See Southern Region Industrial Realty, Inc. v. Timmerman, supra.*

## VIII.

The partnership's last contention is that the trial court committed reversible error in awarding Smith Construction attorney's fees as costs in connection with an appeal by the partnership of the trial court's order denying the partnership's motion to quash notices of taking deposition and directing the partners to appear in South Carolina for their depositions. The Supreme Court dismissed the partnership's appeal because the order was interlocutory and not immediately appealable.

The trial court awarded Smith Construction the attorney's fees as costs in a posttrial order issued after the partnership had served its notice of intent to appeal the order of judgment. In its order awarding attorney's fees as costs, the trial court noted that the Supreme Court had "specifically dismissed the appeal without prejudice to [Smith Construction's] right to move for appropriate costs in [the trial] court."

The partnership argues that the trial court lacked jurisdiction to award the attorney's fees as costs because its service of the notice of intent to appeal divested the trial court of further jurisdiction in the case and because Smith Construction waived its rights to receive attorney's fees as costs in connection with the interlocutory appeal since it did not request the same at trial.

Regarding the partnership's first argument, the service of a notice of intent to appeal does not deprive the trial court "from proceeding with matters not affected by the appeal." S. C. Sup. Ct. R. 18 § 3B. The service of a notice of intent to appeal divests the trial court of jurisdiction only over the order being appealed. *Andrick Development Corp. v. Maccaro*, 280 S. C. 103, 311 S. E. (2d) 95 (Ct. App. 1984).

Smith Construction's right to be awarded an attorney's fee as costs did not depend upon the success of the partnership's appeal of the trial court's order awarding Smith Construction judgment. Rather, Smith Construction became entitled to an attorney's fee as costs when the Supreme Court dismissed the partnership's appeal from the interlocutory order and failed to relieve the partnership from the responsibility of having to pay costs. *See* S. C. Sup. Ct. R. 38 § 1 ("Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise ... ordered by the court; ..."); *Id.* 38 § 4 ("[A]n attorney's fee of $750 to the prevailing party shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs under this rule."). Thus, the partnership's service of the notice of intent to appeal of the order granting judgment to Smith Construction did not divest the trial court of jurisdiction to award Smith Construction an attorney's fee as costs in connection with the partnership's earlier appeal to the Supreme Court of an interlocutory order.

Regarding the partnership's second argument, we know of no rule, and the partnership cited none, requiring a party entitled to cost under Supreme Court Rule 38, Section 1 to request payment of the costs at trial. We therefore hold that Smith Construction did not waive its right to receive attorney's fees as costs in connection with the partnership's appeal of the interlocutory order by failing to request the same at trial.

Affirmed in part and vacated in part.

SANDERS, C. J. and LITTLEJOHN, Acting Judge, concur.