THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cavalier Pools & Spas,
 Inc.,        Respondent,
 
 
 

v.

 
 
 
 The Fripp Company,
 Inc.,        Appellant.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Master-In-Equity and Special Circuit Judge

Unpublished Opinion No. 
2005-UP-439
Submitted June 1, 2005  Filed July 14, 2005

AFFIRMED

 
 
 
 Thomas A. Holloway, of
 Beaufort, for Appellant.
 Robert V. Mathison,  of Hilton
 Head Island, for Respondent.
 
 
 

PER CURIAM: The Fripp
Company, Inc., appeals the trial courts award of $31,300 plus interest for a
breach of contract to Cavalier Pools & Spas, Inc.  We affirm.
FACTS
In May 1999, Cavalier Pools &
Spas, Inc., entered into a contract with Fripp Company, Inc., for the
construction of swimming pools, pool decks, and other amenities.  The
contract required Fripp to pay 10% down, 50% upon completion of the pool shells,
30% upon completion of each pool deck, and the remaining 10% upon final
completion and D.H.E.C. approval.    
Cavalier filed a complaint against
Fripp on November 27, 2000, alleging breach of contract with actual damages in
the amount of $33,200.  Fripp answered with a general denial. 
Following trial, on June 27, 2003, the master-in-equity found in favor of
Cavalier in the amount of $31,300 for breach of contract, as well as 8 3/4 %
interest from May 1, 2000, resulting in a compounded balance of
$40,279.77.  This appeal followed.[1]         
STANDARD OF REVIEW
An action for breach of contract
seeking money damages is an action at law.  Sterling Dev. Co. v.
Collins, 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992).  In an
action at law, tried without a jury, the appellate court standard of review
extends only to the correction of errors of law.  Okatie River,
L.L.C. v. Southeastern Site Prep, L.L.C., 353 S.C. 327, 334, 577 S.E.2d 468,
472 (Ct. App. 2003).  The trial judges findings of fact will not be
disturbed unless those findings are wholly unsupported by the evidence or
controlled by an erroneous conception or application of the law.  Gordon
v. Colonial Ins. Co. of California, 342 S.C. 152, 155, 536 S.E.2d 376,
378 (Ct. App. 2000) (quoting Maddux Supply Co. v. Safhi, Inc., 316
S.C. 404, 406, 450 S.E.2d 101, 102 (Ct. App. 1994)).  Moreover, an
appellate court will not disregard the fact that the trial court is in a better
position to determine the credibility of witnesses.  Cherry v. Thomasson,
276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).  It is not for the appellate
court to weigh the evidence.  Kiriakides v. Atlas Food Sys. & Servs.,
Inc., 343 S.C. 587, 594, 541 S.E.2d 257, 261 (2001). 
LAW/ANALYSIS
I. Damages award
Fripp claims the trial court erred
in awarding Cavalier $31,300 plus interest, or, in the alternative, by failing
to set-off this award with amounts attributable to Cavaliers defective and
incomplete workmanship.  We disagree.
Fripp argued at trial and on appeal
that it was not obligated to pay Cavalier the final 10% because Cavalier did not
complete the job as specified in the contract.  Fripp placed particular
emphasis on the presence of cracks in the pools concrete, especially around
the drain, and problems with tiles used in the pool.  The trial court,
however, found Cavalier performed the work within a reasonable time, that [a]ll
conditions precedent to the duty of Fripp Company to pay were performed by
Cavalier or otherwise fulfilled and Cavalier sustained a readily
ascertainable amount of damages of $31,300.  In addition, the trial court
awarded prejudgment interest at 8 3/4%.  This decision was based on several
factors, including the trial courts determination that the testimony of
Cavalier employees was more credible than the testimony of Dennis Robinson, the
project director and agent of Fripp. 
For example, Robinson conveyed in a
memo to Cavalier that he put $20,000 into escrow to cover the final 10% due
under the contract.  However, at trial, he admitted the money was never
placed in an actual escrow account.  In addition, Robinson claimed Fripp
incurred costs as a result of Cavaliers alleged failure to perform under the
contract.  At trial he only presented one invoice for repairs in the amount
of $2,879 and even admitted that, although $1,430 was used to replace tiles that
had allegedly fallen off the pools, the remainder of the invoice was for pool
service and other matters unrelated to Cavaliers performance.  There was
also some question as to the authenticity of photos admitted by Fripp to show
alleged cracks in the pools in question.[2]       
On the other hand, Mark Horton, a
Cavalier employee, testified that he was unaware of problems with the
tile.  In fact, while explaining in detail the method of installing
decorative tile, he insisted that it was not possible for tile at the water
level to fall out as its alleged that it did, unless the tile was forcibly
removed, pried, hit, knocked, or something.  Horton also noted that
Cavalier repaired the items listed on the punch list, a list of items in need of
repair, before D.H.E.C. would issue approval.  James Lloyd, president of
Cavalier with over 40 years of experience in the construction of pools, denied
the existence of cracks in the concrete and around the drain and testified as to
the industry standard regarding the acceptable tolerance for cracks.  Lloyd
commented that none of the cracks in the photographs presented by Fripp appeared
more than one-eighth of an inch wide, the industry standard.  Lloyd, whose
testimony the trial court found more credible, insisted that there was nothing
remaining to be done to those pools pursuant to the contract.  He
acknowledged some problems arose with the pool, but all were covered under the
warranty and were separate and distinct from the requirements under the
contract. 
Fripp also argues that the amount
awarded should be set-off by the cost of repairs which it incurred.  The
trial court held [i]f and to the extent that any defect requiring repair
exists, the defect resulted from errors and omissions by Fripp Company and is
not the responsibility of Cavalier.  Furthermore, Fripp did not make a
demand for a set-off in its answer, or in a counterclaim.  See, e.g.,
Ellie, Inc. v. Miccichi, 358 S.C. 78, 102, 594 S.E.2d 485, 498 (Ct. App.
2004) (It is well-settled that an issue cannot be raised for the first time
on appeal, but must have been raised to and ruled upon by the trial court to be
preserved for appellate review.).       
The trial court concluded that Fripps
acceptance of the pool was not a condition precedent to Cavaliers obligation
to perform under the contract and, thus, as a matter of law, Fripp breached the
terms of the contract by not performing.  A condition precedent entails
something that is essential to a right of action, as opposed to a condition
subsequent, which is something relied upon to modify or defeat the action. 
Worley v. Yarborough Ford, Inc., 317 S.C. 206, 210, 452 S.E.2d 622,
624 (Ct. App. 1994).  In contract law, the term connotes any fact
other than the lapse of time, which, unless excused, must exist or occur before
a duty of immediate performance arises.  Ballenger Corp. v. City of Columbia,
286 S.C. 1, 5, 331 S.E.2d 365, 368 (Ct. App. 1985).  The question of
whether a provision in a contract constitutes a condition precedent is a
question of construction dependent on the intent of the parties to be gathered
from the language they employ.  Id. at 5, 331 S.E.2d at 368.  After reviewing the
agreement, we hold as a matter of law that the agreement contains no express
provision or condition that makes Fripps acceptance of the pool a condition
precedent to its obligation to perform.  Likewise, we conclude as a matter
of law that such a condition precedent should not be implied from the facts of
this case.  Generally, a condition precedent may not be implied when it
might have been provided for by the express agreement.  Worley,
317 S.C. at 210, 452 S.E.2d at 625 (further citations omitted).
Though Horton admitted that the
cracks in the concrete on the photographs submitted by Fripp were not the
best workmanship that [he had] ever seen and that [t]here [were] some
substantial problems with this concrete and the cracking and with the drain,
the contract was not conditioned on the acceptance of the work by Fripp. 
The contract was entirely conditioned on completion of each pool marsit[e]
and approval by D.H.E.C.  Cavalier completed the pools on March 28,
2000.  D.H.E.C. conducted its final inspection and issued final approval
for all four pools on April 14, 2000.  Therefore, Cavalier fulfilled the
conditions precedent under the contract, and Fripp breached by failing to pay
the final 10%. 
Over the term of the pools
construction, Cavalier submitted certain change orders, provided for in the
contract and subsequently accepted by Fripp, which affected the final amount due
by $4,800.  The trial court added this amount to the $27,500, which was
stated in the contract and prayed for by Cavalier in its complaint, and arrived
at an award of $31,300.  The trial courts calculation is in error since
the award should be $32,300.  However, because neither party objected to
this amount, the issue is not preserved for our
review.      
Based on the trial courts
findings of fact, which depend so heavily upon the credibility of witnesses, we
find sufficient evidence to support the trial courts
ruling.    
II. Prejudgment interest
Fripp claims the trial court erred
in awarding prejudgment interest because a sum certain was not established prior
to trial.  We disagree.
Section 34-31-20(A) of the South
Carolina Code (1987) provides [i]n all cases of accounts stated and in all
cases wherein any sum or sums of money shall be ascertained and, being due,
shall draw interest according to law, the legal interest shall be at the rate of
eight and three-fourths percent per annum.  Prejudgment interest is
allowed on an obligation to pay money from the time when, either by agreement
of the parties or operation of law, the payment is demandable, if the sum is
certain or capable of being reduced to certainty.  Wayne Smith
Const., Co., Inc. v. Wolman, Duberstein, and Thompson, 294 S.C. 140, 146-47,
363 S.E.2d 115, 119 (Ct. App. 1987). [3] 
As a general rule, prejudgment interest is not appropriate when a plaintiff
seeks to recover unliquidated damages. . . [h]owever, the fact that the sum due
is disputed does not render the claim unliquidated for the purposes of an award
of prejudgment interest.  Liberty Mut. Ins. Co. v. Employee Res.
Mgmt., Inc., 176 F.Supp.2d 510, 540-41 (2001); Wayne Smith Const., Co.,
Inc., 294 S.C. at 146-47, 363 S.E.2d at 119.  In Wayne Smith
Construction Co., Inc., this court held that [t]he mere fact that the
partnership disagreed with Smith Construction regarding the amount of the
reimbursable costs did not preclude an award of prejudgment interest.  Id.
at 147, 363 S.E.2d at 119.  Furthermore, [t]he right of a party to
prejudgment interest is not affected by rights of discount or set-off claimed by
the opposing party.  Lee v. Thermal Engg Corp., 352 S.C. 81,
89, 572 S.E.2d 298, 302 (Ct. App. 2002).   
Cavalier expressly sought damages
for breach of contract in its complaint.  Moreover, it presented evidence
at trial of the amounts owed.  Therefore, Cavalier presented a claim that
arose by agreement of the parties, was demandable, and was capable
of being reduced to certainty in the amount of
$27,500.       
In the alternative, assuming for the
sake of argument that this court finds the prejudgment interest award proper,
Fripp argues the trial court erred in its calculation of prejudgment
interest.  We disagree.
The trial court ordered that
[Cavalier] shall have judgment against [Fripp] in the amount of $40,279.77,
together with interest at the rate of eight and three quarters (8 3/4%) percent
per annum on that amount from May 2, 2003, until the date of judgment. 
Fripp argues that section 34-31-20 of the South Carolina Code (Supp. 2004) only
provides for interest on the principle balance of an account on a per annum
basis; it does not allow for compounding interest with the principle. 
However, this court recognizes that the statute does not preclude a trial court,
acting within its discretion, from awarding compound interest.  See,
e.g., J.C. White Lumber Co., Inc. v. Allen, 306 S.C. 183, 186, 410
S.E.2d 588, 590 (Ct. App. 1991); Harmon v. Bank of Danville, 287 S.C.
449, 454, 339 S.E.2d 150, 154 (Ct. App. 1985); Fisher v. Carolina Door
Products, Inc., 286 S.C. 5, 9-10, 331 S.E.2d 368, 370-71 (Ct. App.
1985).  Therefore, the trial courts award of compounded prejudgment
interest was appropriate, as it was within the trial courts
discretion.   
AFFIRMED. [4]
ANDERSON, STILWELL and WILLIAMS,
JJ., concur.

[1] Cavalier also filed suit against SCN Group, LLC, but it is not a
party to this appeal.
[2] Robinson testified that the photographs depicted a pool area with
a grey deck, though he admitted the deck at the pools on his golf course were
adobe or tan.
[3] Though Fripp cites to Southern Welding Works v. K & S
Construction Co., 286 S.C. 158, 332 S.E.2d 102 (Ct. App. 1985) for its basis
in arguing against the prejudgment award, Fripp misstates the holding in that
case.  This court in Southern Welding simply reiterated the
long-standing rule that prejudgment interest is allowed if the sum is certain
or capable of being reduced to certainty.  286 S.C. at 164, 332
S.E.2d at 106 (emphasis added).
[4] We decide this case without oral argument pursuant to Rule 215,
SCACR.