THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dr. Brad R.
 Johnson, Appellant,
v.
Lewis W. Hall,
 Lewis V. Hall, L.W. Hall Enterprises, LLC, and Cold Air A/C Service, Inc., Respondents.
 
 
 

Appeal From Horry County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-447
Submitted October 1, 2011  Filed October
 11, 2011   

AFFIRMED

 
 
 
Stuart M. Axelrod, of Myrtle Beach, for
 Appellant.
Brent M. Boyd, of Columbia; F. Truett
 Nettles, II, of Charleston; G. Michael Smith, of Conway; and Jay R. Lee, of
 Florence; for Respondents.
 
 
 

PER CURIAM:  Dr. Brad R. Johnson appeals the trial court's
 denial of his motion for a continuance and his motion for a new trial in his civil
 suit against Lewis W. Hall, Lewis V.
 Hall, L.W. Hall Enterprises, LLC, and Cold Air A/C Service, Inc.  On appeal, Johnson
 argues the trial court's denial of his written, post-trial motion for a
 continuance and his motion for a new trial violated his rights pursuant to Rule
 40(b), SCRCP, the United States Constitution, and the South Carolina
 Constitution.[1] 
 We affirm[2] 
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Wayne
 Smith Constr. Co., Inc. v. Wolman, Duberstein, & Thompson, 294 S.C.
 140, 143, 363 S.E.2d 115, 117 (Ct. App. 1987) (finding the decision to
 grant or deny a motion for a continuance is within the sound discretion of the
 trial court and its decision will not be disturbed on appeal absent a showing
 of an abuse of discretion); Austin v. Stokes-Craven Holding Corp., 
 387 S.C. 22, 49, 691 S.E.2d 135, 149 (2010) ("Whether to grant a new
 trial is a matter within the discretion of the trial [court], and this decision
 will not be disturbed on appeal unless it is unsupported by the evidence or is
 controlled by an error of law."); Rule 40(b), SCRCP (providing "no
 action may be called for trial until 180 days after service of the last
 pleading which adds a new party to the action, unless all parties consent in
 writing"); Paschal v. Causey,  309 S.C. 206, 209, 420 S.E.2d
 863, 865 (Ct. App. 1992) (finding the 180-day period is "a procedural
 right" that "provides parties a period of time to prepare the case"
 and noting the right may be waived); Faith Holiness Church v. Church of God
 at Scranton,  282 S.C. 487, 489, 319 S.E.2d 348, 349 (Ct. App.
 1984) ("[A] party who fails to object to the trial of a case and
 affirmatively agrees to its trial at a designated time cannot later assert that
 the trial court erred in trying the case before the close of the statutory
 period.").
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.  

[1] We decline to address Johnson's arguments concerning
 the constitutional violations.  These issues are not preserved for our review
 because Johnson did not raise these issues to the trial court.  See S.C.
 Dep't of Transp. v. First Carolina Corp. of S.C., 372 S.C. 295, 301, 641
 S.E.2d 903, 907 (2007) (finding an issue must be raised to and ruled upon by
 the trial court in order to be preserved for appellate review).  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.