## 11175

### BUSBY *ET AL.* v. HAMBY

### (117 S. E., 223)

1. VENDOR AND PURCHASER—EVIDENCE HELD NOT TO SHOW CONDITIONAL DELIVERY OF PURCHASE-MONEY NOTE.—Evidence that defendant arranged to sell his own land and buy other land with the proceeds, *held* not to show that defendant's purchase-money note was delivered on condition that it should be void if a note of a third person which he took as the first payment for his own land was not paid.

2. EVIDENCE—PAROL EVIDENCE NOT ADMISSIBLE TO SHOW THAT WRITING IN FORM OF ABSOLUTE CONTRACT WAS CONDITIONAL.—Parol evidence is not admissible to show that a writing in a form of an absolute contract was a conditional contract.

3. VENDOR AND PURCHASER—PURCHASE-MONEY NOTE TO PAYEE WHO HAD CONTRACTED FOR PURCHASE OF LAND SUPPORTED BY CONSIDERATION.—Where payee of purchase-money note did not own the land sold, but had a contract for its purchase, there was sufficient consideration for the note, as he could have complied at any time.

Before TOWNSEND, J., Anderson, April, 1922. Affirmed.

Action by T. R. Busby and A. M. Williamson against T. D. Hamby. From a directed verdict for plaintiff the defendant appeals.

*Mr. A. H. Dagnall,* for appellant, cites: *Parol testimony admissible to show note was to become valid only upon happening of future event:* 20 A. L. R., 420 and note; 28 Stat., 672; Sec. 16; Brannon on Neg. Inst., 61; 8 C. J., 205; 3 R. C. L., 862, Sec. 44; 13 S. C., 328; 83 S. C., 204; 32 S. C., 243; 3 S. C., 330. *Plaintiff must have title before he can recover for purchase price:* 2 Rich. L., 216; 1 Rich. L., 5; 2 Rich. L., 216; 1 Rich. L., 5; 2 Rich. L., 361; 2 Mill, 435; 7 Rich. L., 192; 3 Hill, 268; 2 Hill, 217; 1 Hill, 322; 1 McC., 584; 27 R. C. L., 454, Secs. 168, 169, 173; 1 Pet., 455; 6 R. C. L., 860, Sec. 248; 13 C. J., 567; 8 C. J., 226; 29 Cyc., 1536, 1544, 1924, 1926.

*Mr. W. H. Frierson,* for respondents, cites: *Parol evidence inadmissible to alter or vary terms of written instru-*

*ment:* 1 Greenl., Ev. Sec., 275; 83 S. C., 204; Harp. L., 401; 2 Constl. Rep., 265; 2 Strob. L., 122; 30 S. C., 43; 13 S. C., 328; 69 S. C., 93; 66 S. C., 61. *Consideration that will support note:* 8 Cyc. Pl. & Pr., 225; 1 Bail., 517; 25 Me., 9; Rich. L., 444; 2 Barv. & Ad., 155; 15 Ind., 169; 74 S. C., 576.

April 10, 1923.

· The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiffs brought suit against the defendant on a note that reads as follows:

"1,500.00.                    Denver, S. C., June 10, 1920

"Jan. 2 I promise to pay to the order of T. R. Busby and A. M. Williamson fifteen hundred and no/100 dollars, value received.   Discount before and interest after maturity at eight per cent. per annum, negotiable and payable at the Farmers' Bank, Denver, S. C.   And if this note is collected by suit or placed in the hands of an attorney for collection, I promise to pay ten per cent. attorney's fees for collection, in addition to principal and interest.

"T. D. Hamby."

At the time of the execution of the note the defendant took the following:

"Farmers' Bank,          Denver, S. C., June 10, 1920.

"I have sold on this date to T. D. Hamby the house and twenty acres, more or less, of J. H. Burns now sold to me near Sandy Springs, S. C., consisting of five lots, Nos. 16, 17, 18, 19, and 20, surveyed and sold by Anderson Real Estate & Investment Company to J. R. Simpson thence to J. H. Burns.

"The said T. D. Hamby is to pay $13,000.00 (thirteen thousand dollars) for same, fifteen hundred dollars to be paid now to me at the sealing of these papers, the balance, eleven thousand five hundred, to be paid January 2, 1921.

"The place to be turned over to T. D. Hamby like it now stands.                                    T. R. Busby.

"Signed, sealed and delivered in the presence of:

"Witness: W. E. Chapman."

On July 28th, the defendant took another paper that reads:

"State of South Carolina, County of Anderson.

"This contract entered into between T. R. Busby, seller, and T. D. Hamby, buyer. T. R. Busby agrees to sell to T. D. Hamby all the tract of land containing twenty acres more or less lying in Pendleton township, adjoining lands of John Russell, B. R. R. R., known as the John Burns place, on which he now resides, together with buildings thereon, for a consideration of thirteen thousand dollars. Paper to be made and money paid on or by Jan. 5, 1921. Seller is to keep the buildings insured against loss by fire, for full insurable value, and, in case of such loss before papers are made, seller will replace buildings damaged or deduct value of same from purchase price. The seller agrees to remove nothing from place except personal property.

"In receipt of $500.00 is hereby acknowledged to close deal.

"Witness our hands and seals this 28th day of July, 1920.

"T. R. Busby.          [L. S.]
"A. M. Williamson.     [L. S.]

"Witness:

"W. L. Martin.

"W. E. Chapman."

It seems that Busby and Williamson were real estate dealers, and Busby undertook to sell to Hamby a tract of land known as the Burns land. Busby did not at that time have the title to the Burns land, but only a contract of purchase. Hamby said to Busby, "I can't buy the Burns land unless I can sell my own land; but, if I can sell, I will buy." Busby told him (Hamby), "I can get a purchaser for your

land," and arranged a sale to one, Martin. Martin gave his note for $500 as the first payment on the Hamby land. It read as follows:

"$500.00              Denver, S. C., June 8, 1920.

"On Jan. 2, I promise to pay to the order of T. D. Hamby five hundred and no/100 dollars, value received. Discount before and interest after maturity at eight per cent. per annum, negotiable and payable at the Farmers' Bank, Denver, S. C.

"And if this note is collected by suit or placed in the hands of an attorney for collection, I promise to pay ten per cent. attorney's fees for collection, in addition to principal and interest.

"W. L. Martin."

The note sued on in this case is taken as the first payment on the Burns land. Martin did not pay his note or comply with his contract of purchase. Hamby refused to pay his note and to comply with his contract, and this suit is brought on the note.

Hamby set up as defense failure of consideration in that Busby was not the owner of the land for the purchase price of which (in part) the note was given, and that the note was given conditionally only, and the condition was not fulfilled.

The trial Judge directed a verdict for the plaintiffs, and the defendant appealed.

The defendant undertook to prove the conditional delivery by parol. The presiding Judge admitted the evidence and then ruled it out.

I. The question as to the proof of a conditional delivery of a note by parol does not arise in this case.

There was no evidence even by parol of a conditional delivery. The appellant intended to sell the land he owned, and with the proceeds of sale to purchase other land. The appellant took a written unconditional statement of purchase. Being unsatisfied with the written acknowledgment of purchase, he took another statement. In neither statement was

there any reference to a conditional delivery. Even the parol testimony does not contain any statement that the note was to be void, if Martin should fail. It is clear that it did not occur to the plaintiffs that Martin might fail to perform his contract. It is manifest that there was no contract to rescind the contract of purchase, if the contract of sale failed. There is no charge of fraud or overreaching. The defense is conditional delivery, and there is no evidence of conditional delivery. It may be well to say, however if the parol evidence had proven a conditional delivery, then it would have been incompetent, because the writings showed an absolute contract, and the parol evidence would have shown that an absolute contract was not an absolute contract, but a conditional contract. This cannot be sustained.

II. The defense of no consideration cannot be sustained, because the record shows that the obligee could have complied at any time.

III. A judgment *non obstante veredicto* could not have been given, as the plaintiff was entitled to a judgment.

The judgment is affirmed.

Mr. Chief Justice Gary, and Mr. Justice Watts concur.

Mr. Justice Marion concurs in result.

Mr. Justice Cothran: I concur in the result. I do not agree with the statement in the leading opinion that the evidence did not tend to show a conditional delivery. On the contrary, I think that it did, but am of opinion that it purported to establish a condition subsequent upon the happening of which an obligation issued as a present valid one should be declared void, and that the offer of such evidence is inhibited by the parol evidence rule. See extended note in 20 A. L. R., particularly at page 427. If the evidence had tended to show that the condition was one that must precede the taking effect of the obligation, it would have been admissible under Section 16 of the Negotiable Instruments Act. The authorities cited by the appellant, particu-

larly Brannon on Neg. Inst. Law (3d Ed.), 61, and 8 C. J., 205, sustain this position. In the former it is said:

"Evidence of a contemporaneous oral agreement is admissible as against parties, not holders in due course, to show that the instrument was not to take effect until some condition was performed."

And in the latter:

"The delivery may be a conditional one to take effect only on the happening of a future contingency, and the agreement in regard thereto need not be in writing."

Here the evidence shows a complete contract for the sale of the land and a note executed and delivered for the first payment. The contention of the defendant is that, although executed and delivered as a present vital contract, it was to be void in the event that Martin, who had bought the defendant's land, failed to comply with his contract—a clear case of condition subsequent.