0481

BALLENGER CORPORATION, Respondent, v. CITY OF COLUMBIA, S.C.,
Appellant.

(331 S. E. (2d) 365)

Court of Appeals

*James S. Meggs,* Columbia, *for appellant.*

*Carl F. Muller* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for respondent.*

Heard March 27, 1985.

Decided May 28, 1985.

GOOLSBY, Judge:

In this breach of contract action, the City of Columbia appeals from an order granting the respondent Ballenger Corporation summary judgment as to liability. We affirm in part, reverse in part and remand for trial.

The pleadings, depositions, and exhibits establish that, with the assistance of the Environmental Protection Agency (EPA), the City of Columbia developed a design for a multi-phase regional sewage collection system. An EPA grant was to fund a portion of the system's total construction cost.

Ballenger, a general contractor, submitted a bid on a phase of the project involving the construction of sanitary sewer interceptors. The City accepted Ballenger's bid on September 10, 1980, by the adoption of a Resolution of Award. The resolution accepting the award provided that it was "adopted subject to the approval of the [EPA]."

B. P. Barber & Associates, Inc., the City's engineering consultant, informed Ballenger on October 29, 1980, of the City's acceptance of its bid. Barber advised Ballenger that the "City's acceptance is subject to approval of contract documents by the [EPA]."

Two days later, Ballenger wrote barber asking that it be permitted to proceed with certain work. In its letter, Ballenger stated it understood that the work it would perform

"would not be eligible for payment if final approval by [the] EPA was not forthcoming and the City could not award the subject contract." Barber replied to Ballenger's letter on November 6, 1980, and told Ballenger that "[a]ny work performed prior to approval of all contract documents by [the] EPA is at your own risk" and that "[s]hould [the] EPA not approve the contract documents, the City will make no payment for the work done."

The City and Ballenger executed a formal contract on November 13, 1980.

Thereafter, on November 21, 1980, the South Carolina Electric & Gas Company (SCE&G) announced it was undertaking a study concerning the feasibility of building a dam across the lower Saluda River. The project, if built, would inundate the area where the City of Columbia proposed to construct its sewage system.

The City informed EPA of SCE&G's plans and on January 9, 1981, the EPA advised the City that it could "only proceed with the construction of the project as designed if an unqualified easement" could be obtained from SCE&G.

The City thereupon cancelled the contract claiming that the "EPA's failure to approve all the contract documents" made cancellation necessary. This action followed.

Both the City and Ballenger made motions for summary judgment. The circuit court ruled as a matter of law that Ballenger was entitled to summary judgment as to liability. The circuit court's order, as we read it, held that the City's cancellation of the contract was not the result of the EPA's refusal to approve the contract documents and that EPA approval of the contract documents was not a condition that would qualify the City's duty of performance under the contract.

Summary judgment is appropriate only where it is perfectly clear that no genuine issue of material fact is involved and inquiry into the facts is not desirable to clarify application of the law. *Hook v. Rothstein*, 275 S. C. 187, 268 S. E. (2d) 288 (1980), *appeal after remand*, 281 S. C. 541, 316 S. E. (2d) 690 (Ct. App. 1984), *cert. denied*, 283 S. C. 64, 320 S. E. (2d) 35 (1984); *Hudson v. Zenith Engraving Co., Inc.*, 273 S. C. 766, 259 S. E. (2d) 812 (1979). In considering whether the circuit court correctly granted Ballenger's motion for summary judgment, we must construe all ambiguities, conclusions, and inferences arising from the evidence most strongly

against Ballenger. *South Carolina Electric & Gas Co. v. Combustion Engineering, Inc.,* 283 S. C. 182, 322 S. E. (2d) 453 (Ct. App. 1984).

Our review of the record convinces us that genuine issues of material fact exist concerning whether the City's performance of the contract with Ballenger was subject to a condition precedent, whether the condition precedent was the EPA's approval of all contract documents, and whether the EPA failed to approve all the contract documents. The circuit court erred, therefore, in granting summary judgment.

We realize that the formal contract executed by the City and Ballenger makes no mention of EPA approval of contract documents; however, other documents contained in the record do so.

Under proper circumstances parol evidence of a condition precedent may be received to show that a written instrument did not become effective; but ... the condition precedent must be neither inconsistent with the instrument itself, nor of such a character that its performance would render the instrument wholly ineffective or nugatory.

*Walker & Laberge Company, Inc. v. First National Bank of Boston,* 206 Va. 683 at 690, 146 S. E. (2d) 239 at 244 (1966); *Hamon v. Akers,* 159 W. Va. 396, 222 S. E. (2d) 822 (1976); *Bailey v. Westmoreland,* 251 N. C. 843, 112 S. E. (2d) 517 (1960); 30 Am. Jur. (2d) *Evidence* Section 1038 at 172-73 (1967); 32A C.J.S. *Evidence* Section 935 at 319-24 (1964); *see Carolina National Bank v. Wilson,* 153 S. C. 251, 150 S. E. 765 (1929) (parol testimony is not admissible to vary plain words of written instrument); *Busby v. Hamby,* 123 S. C. 534, 117 S. E. 223 (1923) *(dicta* that parol evidence is not admissible to show that a writing in the form of an absolute contract was a conditional contract). As we use the term "parol evidence" in this instance, we refer to "extrinsic evidence," i.e., all external evidence or evidence not contained in the body of the formal contract. *See Hokama v. Relinc Corp.,* 57 Hawaii 470, 559 P. (2d) 279 (1977); *Standard Oil Co. of New Jersey v. Evans,* 218 La. 590, 50 So. (2d) 203 (1950); 30 Am. Jur. (2d) *Evidence* Section 1016 at 152 (1967).

The City's contention that the language in the contract prescribing a notice to proceed creates a condi-

tion precedent has no merit.

The contract between the City and Ballenger provides in part:

> The Contractor hereby agrees to commence work under the contract on or before a date to be specified in [a] written Notice to Proceed of the Owner and to fully complete the project within 450 consecutive calendar days thereafter. The Contractor further agrees to pay as liquidated damages the sum of $150.00 for each consecutive calendar day thereafter. . . .

A condition precedent is any fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance by the promisor can arise. L. P. Simpson, *Contracts* Section 144 at 300 ((2d) ed. 1965); 17 Am. Jur. (2d) *Contracts* Section 320 at 749 (1964). Whether a stipulation in a contract constitutes a condition precedent is a question of construction dependent on the intent of the parties to be gathered from the language they employ. *Chirichella v. Erwin*, 270 Md. 178, 310 A. (2d) 555 (1973). Words and phrases such as "if," "provided that," "when," "after," "as soon as," and "subject to" frequently are used to indicate that performance expressly has been made conditional. *Id.* at 182, 310 A. (2d) at 557.

We think it clear that the notice to proceed in this case does not constitute a condition precedent. Here, its purpose is to fix the date for the completion of the project and nothing more. We therefore affirm the circuit court's order to the extent it impliedly held that the notice to proceed does not constitute a condition precedent.

Accordingly, the order of the circuit court is

Affirmed in part, reversed in part, and remanded.

GARDNER and CURETON, JJ., concur.