666 S.E.2d 230

**Sharon B. KOON, Respondent,**

v.

**Soraya Farid FARES and Dr. Marie A. Faltas, Appellants.**

**No. 26532.**

Supreme Court of South Carolina.

Submitted June 26, 2008.

Decided Aug. 18, 2008.

Rehearing Denied Sept. 18, 2008.

152

Marie A. Faltas, M.D. and Soraya Farid Fares, both of Columbia, pro se.

Charles E. Carpenter, Jr. and Carmen V. Ganjehsani, both of Carpenter Appeals and Trial Support, of Columbia, and J. Thomas Falls, Jr., of West Columbia, for Respondent.

Chief Justice TOAL:

In this case, the magistrates court granted summary judgment to Respondent landlord ("Landlord") in an eviction action, finding that Landlord had given Appellants, who are tenants ("Tenants"), proper notice of the termination of their tenancy. The circuit court affirmed and Tenants appeal. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

In August 2002, Landlord and Tenants entered into a residential lease agreement for a house owned by Landlord. The agreement included the following provision:

This Lease Agreement shall be effective for a term of 12 months, beginning on the 7th day of August, 2002, and ending on the 6th day of August, 2003 after which tenants

may continue month to month.  Tenant shall provide a 30 day written notice prior to moving. (emphasis in original).

When the term of the original lease expired in August 2003, Tenants continued to rent the residence at the $795 per month rate specified in the original term of the lease.  In November 2004, Landlord indicated her intent to increase Tenants' monthly rent by $100 beginning in 2005.  Tenants expressed to Landlord that they would not pay the increased rate. Subsequently, in early February 2005, Landlord notified Tenants in writing that she was raising the rent to $895 effective February 15, and that if Tenants did not wish to rent the property at that rate, then the writing served as their thirty-day notice to vacate the premises by March 15.  After further communications, the parties agreed that Tenants could remain at Landlord's rental property until August 9, 2005 at a rate of $795 per month.

At some point after the March agreement, the relationship between the parties apparently took a turn for the worse and in July 2005, Tenants confirmed in a written notice that they would not be leaving the premises in August, and further, that until they gave Landlord a new thirty-day notice of termination, Tenants would be reducing their rental payments to reflect what they believed to be the fair market value of the rent "abated by the diminution of the quiet enjoyment caused by [Landlord's] actions and failures."

On January 5, 2006, Landlord sent a letter to Tenants requesting past due rent totaling $300 over a period of three months and explaining that Landlord was "still patiently waiting for you to move."  Landlord noted that the lease had expired, Tenants had been asked to move, and Tenants had given a letter of intent to move.  Landlord concluded that "it is still our wish for you to move from our property as you promised that you would in your letter of March 15, 2005." After no response from Tenants, Landlord filed an application for ejectment based on (1) Tenants' failure to pay rent when due, (2) expiration of the term of the lease, and (3) Tenants' violation of the terms of the lease.  *See* S.C.Code Ann. § 27–37–10(a) (2007).  The magistrates court served a rule to vacate or show cause on Tenants on February 16, 2006.

At a hearing requested by Tenants, Tenants asserted a counterclaim that Landlord was unfairly charging Tenants rent above the fair market value in violation of S.C.Code Ann. § 27–40–310(b) (2007), and requested a jury trial. Prior to trial, however, the magistrate granted Landlord's motion for summary judgment and ordered the eviction of Tenants, finding that the term of the original lease had expired and that Landlord had given Tenants the statutory 30–day notice to leave. *See* S.C.Code Ann. § 27–40–770(b) (2007). The magistrate further held that this resolution of Landlord's claim precluded consideration of Tenants' issue related to rent inflation.

Tenants appealed and the circuit court affirmed the magistrate's grant of summary judgment to the Landlord. Tenants appealed the circuit court's order to the court of appeals, and Landlord moved to certify the case to this Court pursuant to Rule 204(b), SCACR. This Court granted Landlord's motion, and Tenants raise the following issues for review:

I.  Did the circuit court err in affirming the magistrate's grant of summary judgment to Landlord based on a finding that Landlord provided the proper notice for terminating the tenancy established by the lease agreement?

II.  Did the circuit judge err in failing to recuse himself in this matter?

III.  Should eviction proceedings require a court to find at least "clear and convincing proof" of a tenant's breach of a lease agreement?

### STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005).

LAW/ANALYSIS

## I. Summary judgment in Landlord's eviction action

Tenants argue that the circuit court erred in affirming the magistrate's grant of summary judgment to Landlord because the lease agreement signed by the parties only provides for the termination of the lease by Tenants, and therefore, Landlord did not have grounds for eviction. We disagree.

The purpose of the rules of contract construction is to ascertain the intention of the parties as gathered from the contents of the entire document and not from any particular provision within the contract. *Litchfield Co. of S. C., Inc. v. Kiriakides*, 290 S.C. 220, 223, 349 S.E.2d 344, 346 (Ct.App. 1986). Where one interpretation of a contract makes it unusual or extraordinary and another interpretation, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction prevails. *Farr v. Duke Power Co.*, 265 S.C. 356, 362, 218 S.E.2d 431, 434 (1975). An interpretation which establishes the more reasonable and probable agreement of the parties should be adopted while an interpretation leading to an absurd result should be avoided. *Id.*

Under Tenants' interpretation, Tenants leasehold estate essentially trumps Landlord's fee simple interest in the residence and gives Tenants a perpetual tenancy in the rental property. We find that this is an absurd result that could not have possibly been intended by Landlord when she agreed to rent the residence. Rather, under the terms of the agreement, Landlord and Tenants created a month-to-month tenancy when the term of the original year lease expired in August 2003. *See also* S.C.Code Ann. § 27–35–30 (2007) (providing that tenancies of real estate other than agricultural lands shall be deemed from month to month unless there otherwise agreed). A landlord or tenant may terminate a month-to-month tenancy by a written notice at least thirty days before the termination date specified in the notice. S.C.Code Ann. § 27–40–770(b).

To this end, Tenants argue that they did not receive proper notice of termination from Landlord. We disagree. The Residential Landlord and Tenant Act which governs the

lease agreement provides that a person gives notice to another "by taking steps reasonably calculated to inform the other in ordinary course whether or not the other actually comes to know of it." S.C.Code Ann. § 27–40–240(b) (2007). A person has notice of a fact if "from all the facts and circumstances known to him at the time in question he has reason to know that it exists." S.C.Code Ann. § 27–40–240(a)(3) (2007).

The record reveals that Landlord instituted multiple notices to Tenants, beginning at least with the February 2005 letter, expressing Landlord's desire to terminate the rental arrangement. Despite Landlord's desire to stop leasing the premises to Tenants, Landlord agreed the following month to permit Tenants to continue renting the premises until a specific date that Tenants stated was convenient for them to move. It was only after Tenants revealed their intentions to take advantage of Landlord's generosity by refusing to leave the premises on the specified date and establishing their own terms of rental that Landlord sent a final written notice of termination in January 2006 and brought the present action one month later.

For these reasons, we find that the parties' lease agreement established a month-to-month tenancy for which Landlord provided proper notice of termination to Tenants and that Tenants' further occupancy after August 9, 2005, constituted proper grounds for eviction. Accordingly, we hold that the circuit court properly affirmed the grant of summary judgment to Landlord.

## II. Recusal

Tenants argue that the circuit court judge erred in declining to recuse himself in this matter. We disagree.

A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice against a party. *Patel v. Patel,* 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) (citing Rule 501, SCACR, Canon 3(E)(1)(a)). It is not sufficient for a party seeking disqualification to simply allege bias; rather, the party must show some evidence of bias or prejudice. *Id.* If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal. *Id.*

■ Tenants' dramatic recitation in their brief alleging that Judge Barber's order "stems from his subconscious and irremediable bias" against Tenant Faltas is completely unfounded. Tenants moved for the judge's recusal based solely on a perceived bias from the fact that Judge Barber had ruled against Tenant Faltas in a previous matter. We find nothing disingenuous in Judge Barber's explanation that he routinely heard cases involving parties who had previously appeared in front of him and that this did not affect his ability to remain neutral. Furthermore, Tenants fail to point this Court to any evidence in the record showing actual bias or prejudice on the part of the judge. Instead, the record displays a trial court order that accurately cites the applicable law and reaches a sound conclusion based on application of the law to the facts on the record in this case. *See id.* (acknowledging that a judge's impartiality might reasonably be questioned when the record does not support the judge's factual findings). Accordingly, we hold that the circuit court judge properly denied Tenants' motion for recusal.

■ As to Tenants' allegations of Judge Barber's ex parte communications with Landlord's counsel as a basis for recusal, we find that in the first instance, these matters are not preserved for review because they were not raised to or ruled upon either at trial or in Tenant Faltas's Rule 59(e) motion. *See I'On, LLC v. Town of Mount Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (holding that an issue not raised to and ruled upon by the lower court is not preserved for appellate review).

■ Turning to the merits, we uphold the validity of Judge Barber's order and find nothing to suggest that the alleged ex parte communication prejudiced Tenants in any way. *See Burgess v. Stern*, 311 S.C. 326, 331, 428 S.E.2d 880, 884 (1993) (adopting a subjective approach to reviewing orders potentially infected by ex parte communications). In his order denying rehearing, Judge Barber provided a detailed description of the circumstances underlying the alleged ex parte communication which, in our view, amounts to Landlord's counsel's failure to observe Rule 5(b)(3), SCRCP (requiring counsel to serve copies of proposed orders on all counsel of record) and no impropriety on Judge Barber's part. Judge Barber explained

that the trial court's order was already being drafted when the order drafted by Landlord's counsel was received and that counsel's draft order did not influence the trial court's final decision. Further considering that the trial court's order exhibits sound legal reasoning based on applying the law to the facts on the record, we simply can find no basis for invalidating Judge Barber's order.

For these reasons, we uphold the validity of the circuit court's order and we affirm the circuit court judge's refusal to recuse himself.

### III. Burden of proof in eviction proceedings

Tenants argue that because of the constitutional implications of seizing a person's "home," eviction proceedings require a court to find at least "clear and convincing proof" of a tenant's breach of a lease agreement. We find that this issue is not preserved for review because it was not raised to or ruled upon at trial or in Tenant Faltas's Rule 59(e) motion.[1] *See I'On,* 338 S.C. at 422, 526 S.E.2d at 724.

#### CONCLUSION

For the foregoing reasons, we affirm the grant of summary judgment to Landlord in this matter.

MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

1. To the extent that Tenants' argument on the standard of proof for eviction proceedings segues into an argument that they were entitled to a jury trial on their counterclaims alleging Landlord charged a rental rate above fair market value, we disagree. Tenants' claim of an excessive rental rate is based on S.C.Code Ann. § 27–40–310 which provides that "[i]n the absence of an agreement, the tenant shall pay as rent the fair-market rental value for ... the dwelling unit." Because the magistrate found that an agreement existed between the parties which established a month-to-month tenancy at $795 per month, this statutory provision is inapplicable and therefore, a jury's factual determination of the fair-market rental value is irrelevant.