**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Chaffin and Marietta Chaffin, Appellants,

v.

Richland County Sheriff's Department, Deputy Brian Metz, Investigator Roy Livingston, Tallie and Devra Lackey, Individually and as the parents to minor Miranda G., Respondents.

Appellate Case No. 2015-001754

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-404
Submitted September 1, 2017 – Filed October 18, 2017

———————

**AFFIRMED**

———————

Aimee Jendrzejewski Zmroczek, of A.J.Z. Law Firm, LLC, of Columbia, for Appellants.

Andrew F. Lindemann and Robert David Garfield, both of Davidson & Lindemann, PA, of Columbia, for Respondents Richland County Sheriff's Department, Deputy Brian Metz, and Investigator Roy Livingston.

John S. Simmons, Derek Alan Shoemake, and John Lafitte Warren, III, all of Simmons Law Firm, LLC., all of Columbia, for Respondents Tallie and Devra Lackey.

———————————

**PER CURIAM:**  James Chaffin and Marietta Chaffin (the Chaffins) appeal orders of the circuit court judge granting Respondents' motions to dismiss and denying the Chaffins' motion to reconsider.  On appeal, the Chaffins argue (1) the circuit court judge erred by converting Respondents' motions to dismiss into motions for summary judgment without proper notice; (2) the circuit court judge erred by granting Tallie Lackey's and Devra Lackey's (the Lackeys) motion to dismiss because it was not timely filed; (3) the circuit court judge should have recused himself because he had prior knowledge of the case and a personal relationship with a relative of both the Chaffins and the Lackeys; and (4) the Chaffins' complaint alleged facts sufficient to state a cause of action.

1. The issue of whether the circuit court judge erred by converting Respondents' motions to dismiss into motions for summary judgment without proper notice is unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court judge].  Issues not raised and ruled upon [by] the [circuit] court [judge] will not be considered on appeal.").

2. The issue of whether the circuit court judge erred by granting the Lackeys' motion to dismiss because it was not timely filed is unpreserved because although the Chaffins raised it to the circuit court judge, the circuit court judge did not rule on the timeliness of the Lackeys' motion to dismiss.  *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to *and ruled upon* by the [circuit court judge].  Issues not raised *and ruled upon* [by] the [circuit] court [judge] will not be considered on appeal." (emphasis added)).  Moreover, the Chaffins failed to file a Rule 59(e), SCRCP, motion to obtain a ruling from the circuit court judge.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP,] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

3. The issue of whether the circuit court judge erred by failing to recuse himself is unpreserved.  *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal,

but must have been raised to and ruled upon by the [circuit] court [judge] to be preserved."); *see also Koon v. Fares*, 379 S.C. 150, 157, 666 S.E.2d 230, 234 (2008) (finding the appellants' argument that the trial judge should have recused himself based on alleged ex parte communications was unpreserved because it was not raised to or ruled upon at trial or in a Rule 59(e), SCRCP, motion).

4. The issue of whether the Chaffins alleged facts sufficient to state a cause of action is abandoned because the Chaffins did not specify how the circuit court judge erred by dismissing this case and did not point to any particular facts to be decided by the jury. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.