**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gerald R. Smith, Respondent,

v.

United Cable Construction Co., Inc; South Atlantic Communications, Inc.; Brandon W. Linder; and Karla Linder, Appellants.

Appellate Case No. 2021-001227

———————

Appeal From Berkeley County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-207
Submitted May 18, 2023 – Filed May 24, 2023

———————

**REVERSED AND REMANDED**

———————

Adam Mlynarczyk, of Koontz Mlynarczyk, LLC, of North Charleston; Ryan Alexander Love, of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellants.

John Samuel West, of West Law Firm, LLC, of Moncks Corner, for Respondent.

———————

**PER CURIAM:**  United Cable Construction Co., Inc, South Atlantic Communications, Inc., Brandon W. Linder, and Karla Linder (collectively,

Appellants) appeal the circuit court's grant of summary judgment. On appeal, Appellants contend the circuit court erred by (1) finding that there was no genuine issue of material fact entitling Gerald R. Smith to judgment as a matter of law; (2) finding it had subject matter jurisdiction, when the issue was subject to binding arbitration; (3) finding that the conditions precedent to Smith's performance had been completed; (4) not finding the Modification Agreement void as a matter of public policy; (5) its award of specific performance; (6) finding that the Parties' Modification Agreement was an unambiguous expression of their intentions; (7) finding Appellants jointly and severally liable for monetary damages and specific performance; (8) denying Appellants' Rule 59(e), SCRCP, motion; (9) denying Appellants' Rule 60(b), SCRCP, motion; and (10) denying Appellants' motion to amend to conform to the evidence. We reverse and remand pursuant to Rule 220(b), SCACR.

The circuit court erred by granting Smith's motion for summary judgment. *See M & M Grp., Inc. v. Holmes*, 379 S.C. 468, 473, 666 S.E.2d 262, 264 (Ct. App. 2008) ("In reviewing an order for summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56 of the South Carolina Rules of Civil Procedure."); *id.* ("Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *id.* ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the appellant, the non-moving party below." (quoting *Willis v. Wu*, 362 S.C. 146, 151, 607 S.E.2d 63, 65 (2004))). Although the Modification Agreement purports to create conditions precedent to the reduced payoff of $300,000.00, some of the subsequent six indented numbered paragraphs cannot be accomplished prior to the proposed reduction occurring, number one is a void contract term under South Carolina law, and number six seemingly can never take effect if the others are read as conditions precedent. Accordingly, because the contract language is ambiguous, we reverse and remand. *See Watson v. Underwood*, 407 S.C. 443, 454-55, 756 S.E.2d 155, 161 (Ct. App. 2014) ("The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties and, in determining that intention, the court looks to the language of the contract." (quoting *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct. App. 1993))); *id.* at 455, 756 S.E.2d at 161 ("Generally, 'the construction of contracts is a question of law for the court.'" (quoting *Hope Petty Motors v. Hyatt*, 310 S.C. 171, 175, 425 S.E.2d 786, 789 (Ct. App. 1992))); *id.* ("Determining what the parties intended

becomes a question of fact for the jury only when the contract is ambiguous."); *id.* ("A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one." (quoting *Jordan v. Sec. Grp., Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993))); *Koon v. Fares*, 379 S.C. 150, 155, 666 S.E.2d 230, 233 (2008) ("An interpretation which establishes the more reasonable and probable agreement of the parties should be adopted while an interpretation leading to an absurd result should be avoided."); *Ballenger Corp. v. City of Columbia*, 286 S.C. 1, 5, 331 S.E.2d 365, 368 (Ct. App. 1985) ("Whether a stipulation in a contract constitutes a condition precedent is a question of construction dependent on the intent of the parties to be gathered from the language they employ."); *id.* ("A condition precedent is any fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance by the promisor can arise."); *id.* ("Words and phrases such as 'if,' 'provided that,' 'when,' 'after,' 'as soon as,' and 'subject to' frequently are used to indicate that performance expressly has been made conditional."); *Henderson v. Life Ins. Co. of Va.*, 176 S.C. 100, 113, 179 S.E. 680, 685 (1935) ("It has been uniformly held that a wagering contract of insurance is contrary to public policy and void."); *id.* at 113, 179 S.E. at 686 ("The law does not allow one who has no insurable interest in the life of another, to insure it for his benefit, for the reason that it is a mere wager and holds out a temptation to fraud, the insurer having no interest in the life of the assured and having a direct interest in his death." (quoting *Bromley's Administrator v. Washington Life Ins. Co.*, 92 S.W. 17, 17 (Ky. 1906))); *id.* ("The insured, instead of taking out a policy payable to a person having no insurable interest in his life, can take it out to himself, and at once assign it to such person. But such an attempt would not prove successful, for a policy issued and assigned under such circumstances, would be none the less a wagering policy, because of the form of it." (quoting *Bromley's Administrator*, 92 S.W. at 17-18)); *Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 569, 772 S.E.2d 882, 890 (Ct. App. 2015) ("If practical, a court should interpret the agreement so as to give effect to all of its provisions.").

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.